FILED
CLERK, U.S. DISTRICT COURT

FEB - 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA F. RIDDLEBAUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 05-650-CT<br><br>ORDER RE: COUNSEL'S PETITION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

On January 17, 2008, William Kuntz, counsel for plaintiff ("counsel"), filed a motion for attorney's fees pursuant to 42 U.S.C. section 406(b) ("section 406(b)"). Counsel seeks attorneys' fees in the amount of $2,642.75 for 12 hours and 10 minutes (12.17 hours) of attorney time spent litigating proceedings before this court. (Motion at 1; Declaration of William Kuntz, ¶ 5).

On February 4, 2008, defendant filed a response to the motion. In the response, defendant states that, because the Commissioner has no direct financial stake, it is not in a position to either assent or object to the fee request. (Response at 2). Rather, the Commissioner "plays a part in the fee determination resembling that of a trustee for the [plaintiff]." Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6

(2002).

## SUMMARY OF PROCEEDINGS

On July 18, 2005, plaintiff Paula F. Riddlebaugh ("plaintiff") filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act (the "Act"). The parties filed a consent to proceed before the magistrate judge. On November 22, 2005, after briefing by the parties, the court ordered that the case be remanded back to the Commissioner for further proceedings. On January 20, 2006, pursuant to the parties' stipulation, the court ordered that plaintiff's counsel be awarded $1,837.00 in fees under the Equal Access to Justice Act ("EAJA").

On remand, plaintiff was awarded $13,571.00 in past-due benefits. (Declaration of William Kuntz, ¶ 4, Ex. 3 at 2). As noted above, plaintiff's counsel currently seeks a fee award for services performed in this court of $2,642.75 payable from the past-due benefits awarded and agrees to reimburse plaintiff $1,837.00, which is the amount of EAJA fees that counsel already has been paid. (Counsel's Memorandum of Points and Authorities at 3).

## DISCUSSION

Section 406(b) provides, in pertinent part:

> Whenever a court renders a judgment favorable to a [plaintiff] under this subchapter who was represented *before the court* by an attorney, the court may determine and allow as part of its judgment a reasonable fee for *such representation*, not in excess of 25 percent of the total of past-due benefits to which the [plaintiff] is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

§ 406(b)(1)(A) (emphasis added). Thus, a "prevailing [disability

2

plaintiff's] [attorneys'] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. at 792.

In Gisbrecht, the Supreme Court held that section 406(b) does not displace contingent-fee agreements that are within that statutory ceiling. 535 U.S. at 793, 807. Rather, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807. The Court held that where plaintiff and counsel had entered into a lawful contingent-fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements."[1] Id. at 793.

The Court concluded that contingent-fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Id. at 807. Within the 25 percent boundary, "the attorney for the successful [plaintiff] must show that the fee sought is reasonable for the services rendered." Id.

Here, under the written contingent-fee agreement, plaintiff has agreed to pay to counsel a fee equal to 25 percent of the past-due benefits awarded. (Declaration of William Kuntz, Ex. 1 at 1). As set

---

[1] Under the "lodestar" method, attorneys' fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee. See Gisbrecht, 535 U.S. at 797 (discussing the application of the "lodestar" method in the Ninth Circuit). The "lodestar" may be adjusted upward or downward to account for a variety of factors. Id. at 798 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 1 (1976)).

forth above, plaintiff's counsel is seeking an award of $2,642.75, which is less than 25 percent of the past-due benefits awarded to plaintiff.[2]

However, as explained above, although the court must respect contingent-fee agreements, the court has a duty to determine whether such agreements will yield "reasonable results in particular cases." Gisbrecht, 535 U.S. at 807. The court may consider factors such as the character of the representation and the results achieved. Id. at 808. If the attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. (citing Rodriquez v. Bowen, 865 F.2d 739, 746-47 (6th Cir. 1989)). Similarly, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." Id. (citing Rodriquez v. Bowen, 865 F.2d at 747).

The Supreme Court in Gisbrecht did not provide clear guidelines as to how courts should go about making a "downward adjustment" where

---

[2]Counsel filed a fee petition under 42 U.S.C. § 406(a) for his representation before the Agency in the amount of $750.00, which was approved. The amount currently sought by counsel for representation before the court ($2,642.75), added to the $750.00 for representing plaintiff in the administrative proceedings, equals $3,392.75, which is twenty-five percent of plaintiff's past-due benefits. (See Counsel's Memorandum at 19-20; Declaration of William Kuntz, Ex. 9).

an award of the full contingent fees would result in a windfall.[3] However, the Court did instruct that, "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," the court may require counsel to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal billing charge for non-contingency fee cases." Gisbrecht v. Barnhart, 535 U.S. at 808.

In this case, counsel achieved a good result for his client and counsel was not responsible for any undue delay in the proceedings which would warrant a reduction in the award. In addition, the risk inherent in counsel's contingent-fee arrangement should be considered. See Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003)(noting that reasonable contingency fee arrangements for which there runs a substantial risk of loss may warrant fees that result in a de facto hourly rates that exceed those charged for non-contingency fee arrangements).

Further, given the 12.17 hours spent by counsel before this court, the fees sought by counsel would result in a de facto hourly rate of approximately $217.00 per hour. In light of the factors discussed above, including the contingency nature of counsel's representation, and considering awards in other cases, the court finds

---

[3] In his dissenting opinion, Justice Scalia expressed concern that the Court's opinion "does nothing whatever to subject these fees to anything approximating a uniform rule of law." 535 U.S. at 809 (Scalia, J., dissenting). In fact, district courts following Gisbrecht have not adopted a uniform approach to assessing the reasonableness of 406(b) fees sought. See Ellick v. Barnhart, 445 F.Supp.2d 1166, 1168-72 (C.D. Cal. 2006) (surveying the decisions applying Gisbrecht to section 406(b) petitions).

that the fees sought are reasonable. See <u>Ellick v. Barnhart</u>, 445 F.Supp.2d 1166, 1173-74 (C.D. Cal. 2006)(awarding fees at a <u>de</u> <u>facto</u> rate of $550 per hour for attorney hours and $238.63 for paralegal hours); <u>Grunseich v. Barnhart</u>, 439 F.Supp.2d 1032, 1035 (C.D. Cal. 2006)(awarding fees at a <u>de</u> <u>facto</u> rate of $120.00 per hour for paralegal work and $600.00 per hour for attorney time).

## CONCLUSION

For the foregoing reasons, this court orders that the petition for attorney's fees pursuant to 42 U.S.C. section 406(b) be **GRANTED** as follows. Counsel is awarded attorneys' fees in the amount of $2,642.75 for representation of plaintiff before this court. Counsel is ordered to reimburse plaintiff for the previous payment of EAJA fees in the amount of $1,837.00.

DATED: 2/7/08

CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE